14. APPEAL AND ERROR, § 1540*—*when reference to declaration in instruction is harmless error.* It is not reversible error in a personal injury action to instruct the jury that the plaintiff is entitled to recover if they find defendant guilty of the negligence charged in the declaration, where the jury are also told that as a condition precedent to a finding against the defendant they must find that the plaintiff was at and prior to the time of the accident in the exercise of due care for her own safety.

15. ABATEMENT AND REVIVAL—*when action for personal injuries does not abate.* An action for personal injuries against a deceased person does not abate upon the death of the executrix of his estate, but such suit may be prosecuted against an administrator *de bonis non* with the will annexed who is substituted in place of the deceased executrix.

16. DAMAGES, § 241*—*when verdict of jury will not be disturbed on ground of excessiveness.* The amount of damages recoverable in a personal injury action is largely a matter for the jury, and when the jury are not affected by prejudice or passion in rendering the verdict it will not be disturbed on appeal.

17. DAMAGES, § 124*—*when verdict for personal injuries is not excessive.* A verdict for $4,000 in favor of a woman who suffered an impacted fracture of the femur with resultant permanent shortening of the leg and consequent disability, *held* not excessive.

---

**Good Products Company, Defendant in Error, v. James J. Dwyer, Plaintiff in Error.**

**Gen. No. 22,511.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1916. Reversed and judgment of *nil capiat* and for costs. Opinion filed January 8, 1917.

### Statement of the Case.

Action by Good Products Company, a corporation, plaintiff, against James J. Dwyer and Gustav Hochstadter, defendants, to recover on a contract with

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Dwyer whereby plaintiff agreed to perform certain work on a building owned by Hochstadter, which was being constructed by Dwyer as contractor, and against Dwyer and Hochstadter upon an award of arbitrators. From a judgment in favor of plaintiff against defendant Dwyer, after dismissal of the case against defendant Hochstadter, defendant Dwyer brings error.

ALFRED E. BARR and FRANK W. BIGELOW, for plaintiff in error.

WALTER S. HOLDEN and G. FRED RUSH, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. ACCORD AND SATISFACTION, § 1*—*what is subject of.* A claim for an unliquidated amount is a proper subject of accord and satisfaction.

2. ACCORD AND SATISFACTION, § 6*—*when third person is bound by settlement.* A settlement of a disputed claim for labor performed in the construction of a building by a subcontractor between such subcontractor and the owner constitutes an accord and satisfaction as to the contractor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.