PETER GIARDINO, Plaintiff-Appellant, v. AMERICAN FAMILY INSURANCE, Defendant-Appellee (Mavis Giardino, Plaintiff).

Second District No. 2—87—0575

Opinion filed December 31, 1987.

Charles M. Zimmerman and Marmarie J. Kostelny, both of Zimmerman & Smith, of Elgin, for appellant.

Richard J. Larson and Bernard K. Weiler, both of Puckett, Barnett, Larson, Mickey, Wilson & Ochsen, of Aurora, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff, Peter Giardino, appeals from an order of the Circuit Court for the Sixteenth Judicial Circuit, Kane County, granting the defendant's motion for summary judgment. The plaintiff contends on appeal that the trial court misinterpreted the insurance policy in question and asks this court to reverse the trial court's order.

Inasmuch as this court has previously set out the facts surrounding plaintiff's accident and the ensuing trial (see *Giardino v. Fierke* (1987), 160 Ill. App. 3d 648), we move directly to a discussion of the procedural posture and legal issues of this particular case. Giardino filed a declaratory judgment complaint alleging that the motorist who struck him could not pay the entire award granted by the jury and asking that the defendant pay him $100,000 pursuant to the underinsured motorist provisions of his insurance policy. The parties stipulated to the facts, and after cross-motions for summary judgment, the trial court granted the defendant's motion, ruling that the plaintiff was not entitled to a recovery under the policy. This appeal ensued. In addition, we note that Mavis Giardino, an original plaintiff in this action, has voluntarily dismissed herself from this appeal.

■■ ■ Summary judgment should only be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. (*Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112; Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) We will reverse the granting of a summary judgment motion only when a material question of fact exists and the moving party is not entitled to summary judgment as a matter of law. (*Tsourmas v. Dineff* (1987), 161 Ill. App. 3d 897, 900.) The parties in this case have stipulated to the facts. The only issue remaining is the construction of the insurance contract, which is a matter of law properly decided on a motion for summary judgment. *Bohnen International, Inc. v. Liberty Mutual Insurance Co.* (1983), 120 Ill. App. 3d 657, 662.

The pertinent provisions of the insurance policy in this case read as follows:

"1. We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

\* \* \*

3. Underinsured motor vehicle means a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability less than the damages you are legally entitled to recover.

\* \* \*

The limits of liability shown in the declarations apply, subject to the following:

\* \* \*

Any amounts payable will be reduced by:

1. A payment made by the owner or operator of the underinsured motor vehicle or organization which may be legally liable."

 If an insurance policy is clear and unambiguous, the words of the policy will be given their plain and ordinary meaning. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 5.) In the present case, the language of the limitation could not be clearer. Any amount which the defendant could owe pursuant to underinsured motorist coverage is reduced by a payment from the underinsured motorist. The plaintiff's policy provided underinsured motorist coverage of $100,000, and the underinsured motorist paid $100,000 to the plaintiff. Therefore, according to the policy, the plaintiff is not entitled to a recovery.

The plaintiff argues that the limiting provision is ambiguous because it conflicts with the provision providing coverage. We disagree. The language establishing the underinsured motorist coverage must be read with the limitation to establish the boundaries of coverage. The plaintiff makes much of the fact that the underinsured motorist provision in this policy uses similar language to the now-repealed underinsured motorist provision of the Illinois Insurance Code (Ill. Rev. Stat., 1979 Supp., ch. 73, par. 755a—1). However, the plaintiff does not argue that the old provision applies to this case, and in fact, admits that the new version of the statute is applicable in this case. In examining the policy and the statute, we further note that the effect of the limitation on payment is to bring the policy in line with the new version of the statute, which allows recovery only when the underinsured motorist coverage is greater than the total liability coverage for bodily injury of the underinsured motor vehicle owner. (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(3).) Therefore, for the foregoing

reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

HOPF and INGLIS, JJ., concur.