DARREN M. JOHNSON, a Minor, by His Mother and Next Friend, Judith Ooton, Plaintiff-Appellant, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellee (Judith Ooton, Plaintiff-Appellant).

Fourth District   No. 4—89—0590

Opinion filed February 8, 1990.—Rehearing denied March 9, 1990.

Garry W. Bryan, of Ray Moss & Associates, P.C., of Clinton, for appellants.

Frederic L. Kenney, of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

This is an appeal by plaintiffs Darren M. Johnson, a minor, by his mother and next friend, Judith Ooton, and Judith Ooton individually, from an order of the circuit court of Macon County granting summary judgment in favor of defendant American Family Mutual Insurance Company. Plaintiff's amended complaint is framed in six counts. The amended complaint alleges that on or about June 16, 1986, the minor plaintiff was struck by two automobiles while riding his bicycle. One automobile was operated by Scott Vanderlaan and the other by Michael Rogers. The complaint alleges that each of the operators of the automobiles was negligent and their negligence proximately caused injuries to plaintiff exceeding $100,000. Defendant insured Rogers and tendered $100,000, while Economy Fire and Casualty insured Vanderlaan. Economy tendered $25,000.

In addition, Ooton had an automobile insurance policy with defendant which provided $100,000 of liability coverage per person, but did not include underinsured motorist coverage equal to the bodily liability limits. It is alleged defendant's agents and employees failed to offer such coverage even though such an offer was required by statute. (Ill. Rev. Stat. 1985, ch. 73, pars. 755a—2(1), (5).) It is further alleged that, had the offer been made, Ooton would have purchased that amount of underinsured motorist coverage. It is further alleged that Vanderlaan was underinsured at the time of the incident.

As a result, recovery in the amount of $75,000 is sought for defendant on behalf of the minor for the minor's injuries under the theory of failure to offer underinsured motorist coverage (count I), and recovery for $75,000 plus attorney fees for consumer fraud (count II, alleging the failure to offer underinsured motorist coverage in an amount equal to the bodily liability limits constituted a misrepresentation, concealment, suppression, or omission of a material fact within the meaning of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*)). In count III, plaintiff minor requests judgment in the amount of $75,000, plus attorney fees on the theory that defendant's refusal to honor plaintiff's claim for $75,000 was vexatious and unreasonable, thereby entitling the minor plaintiff to reasonable attorney fees, costs, and penalties under the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 767).

Counts IV, V, and VI are based on the same theories of recovery

as counts I, II, and III, respectively. However, counts IV, V, and VI pray for judgment in favor of Ooton, individually, since she was liable for the minor plaintiff's medical expenses.

Attached to the defendant's motions for summary judgment as exhibits were answers to interrogatories and portions of the transcript of Ooton's discovery deposition, wherein it is admitted plaintiffs received $100,000 from Rogers and $25,000 from Vanderlaan. Also attached as an exhibit was one of defendant's insurance policies, which states in part VI, paragraph 5: "When **we** pay damages under this policy to a person who also collects from another, the amount collected from the other shall be repaid to **us** to the extent of **our** payment."

Based on this contractual language, defendant took the position plaintiff is not entitled to additional recovery since the payment to plaintiff of $100,000 by Rogers equals or exceeds the $100,000 limit of liability for underinsured motorist coverage had such coverage been included in Ooton's policy. Defendant also contended that payments from Rogers and Vanderlaan must be set off against the underinsured motorist coverage limits, arguing that, as a matter of law, either the alleged underinsured coverage limits were satisfied or were exhausted. With regard to counts I, II, and III only, defendant's motion for summary judgment also relies on the fact that Rogers was insured by defendant and, when the claim against Rogers was settled, a release was executed on behalf of Darren Johnson by his guardian Judith Ooton releasing Rogers and defendant from further liability arising out of the June 16, 1986, collision.

Plaintiffs filed a cross-motion for partial summary judgment relating to counts I, II, IV, and V. In their motion, plaintiffs relied on Ooton's deposition in an attempt to establish that defendant failed to offer underinsured motorist coverage to her. Plaintiffs contended that the issue of underinsured motorist coverage applies only to the $25,000 paid by Vanderlaan and, therefore, plaintiffs are entitled to summary judgment as a matter of law.

On June 23, 1989, after considering the memoranda of law submitted by the parties and arguments of counsel, the trial court entered an order wherein the plaintiffs' motion for partial summary judgment was denied, and defendant's motion for summary judgment as to counts I, II, and III was granted. The trial court assumed, for the limited purpose of ruling on the motion, that Ooton's policy is reformed to provide $100,000 underinsured motorist coverage, relying on *Fuoss v. Auto Owners (Mutual) Insurance Co.* (1986), 148 Ill. App. 3d 526, 499 N.E.2d 539, *aff'd* (1987), 118 Ill. 2d 430, 516 N.E.2d 268.

The court found that only the presence of a second tortfeasor distinguishes the present case from the case in *Giardino v. American Family Insurance* (1987), 164 Ill. App. 3d 389, 517 N.E.2d 1187, which involved (1) the same policy language as that in the case at bar, and (2) a $100,000 payment from a tortfeasor being applied so as to deny recovery under a $100,000 underinsured motorist coverage provision. The trial court decided that since the insurance contract and public policy do not require the presence of a second tortfeasor to invalidate the $100,000 credit applied to the $100,000 underinsured limits, or to increase the underinsured coverage beyond $100,000, plaintiff can have no recovery under the allegations of counts I, II, and III.

Subsequently, on July 27, 1989, the trial court also entered summary judgment in favor of defendant as to counts IV, V, and VI. As to count IV, the court's reasoning was the same as in the earlier order. On count V, the court reasoned Ooton had suffered no damages warranting prosecution of a claim under the Consumer Fraud and Deceptive Business Practices Act. (*Warren v. LeMay* (1986), 142 Ill. App. 3d 550, 491 N.E.2d 464.) And as to count VI, the trial court ruled the record contained no evidence of bad faith or vexatious and unreasonable dealings by defendant.

■■ ■ The general principles governing when a summary judgment is a proper remedy are well known and have recently been reiterated by the Illinois Supreme Court in *Pyne v. Witmer* (1989), 129 Ill. 2d 351, 357-59, 543 N.E.2d 1304, 1307-08:

> "Summary-judgment procedure permits a trial court to determine whether any genuine issue of material fact exists (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240), but it is not designed to try such an issue (*Kobus v. Formfit Co.* (1966), 35 Ill. 2d 533, 538; *Ray v. City of Chicago* (1960), 19 Ill. 2d 593, 599). Summary judgment is to be encouraged in the interest of prompt disposition of lawsuits, but as a drastic measure it should be allowed only when a moving party's right to it is clear and free from doubt. *Reed v. Bascon* (1988), 124 Ill. 2d 386, 393; *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.
>
> If, from the papers on file, a plaintiff fails to establish an element of the cause of action, summary judgment for the defendant is proper. (*Brunsfeld v. Mineola Hotel & Restaurant, Inc.* (1983), 119 Ill. App. 3d 337, 341; *Taylor v. Hocker* (1981), 101 Ill. App. 3d 639, 641; *cf. Randi F. v. High Ridge YMCA* (1988), 170 Ill. App. 3d 962, 964-65 (dismissal for failure to state *respondeat superior* cause of action for employee's intentional tort; analyzing cases).) If what is contained in the papers

on file would constitute all of the evidence before a court and would be insufficient to go to a jury but would require a court to direct a verdict, summary judgment should be entered. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587.) However, in determining the existence of a genuine issue of material fact on a motion for summary judgment, the trial court should construe pleadings, depositions, admissions, exhibits, and affidavits strictly against the movant and liberally in favor of the respondent. *Reed v. Bascon* (1988), 124 Ill. 2d 386, 393; *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.

Inferences may be drawn from undisputed facts (*Century Display Manufacturing Corp. v. D.R. Wager Construction Co.* (1977), 46 Ill. App. 3d 643, 648, *aff'd in part, rev'd in part* (1978), 71 Ill. 2d 428), but an issue should be decided by the trier of fact and summary judgment denied where reasonable persons could draw divergent inferences from the undisputed facts (*Amin v. Knape & Vogt Co.* (1986), 148 Ill. App. 3d 1075, 1077, 1078; *Marciniak v. O'Connor* (1981), 102 Ill. App. 3d 381, 386)."

Where the matter at issue may be decided as a question of law, summary judgment is a proper remedy. (*Timm v. Indian Springs Recreation Association* (1989), 187 Ill. App. 3d 508, 543 N.E.2d 538; *Suhadolnik v. City of Springfield* (1989), 184 Ill. App. 3d 155, 540 N.E.2d 895.) However, merely because the parties have filed cross-motions for summary judgment alleging the nonexistence of genuine issues of material fact, the trial court is not obligated to enter summary judgment. (*Mutual Life Insurance Co. v. Washburn* (1989), 183 Ill. App. 3d 978, 539 N.E.2d 1278.) Where the only issue concerns the construction of an insurance contract, the cause may properly be decided by summary judgment. *Giardino*, 164 Ill. App. 3d 389, 517 N.E.2d 1187.

In this case, each plaintiff seeks recovery on three theories: (1) failure to advise Ooton she could get $100,000 underinsured motorist coverage pursuant to a statutory duty to do so; (2) consumer fraud for the same omission; and (3) attorney fees for the vexatious and unreasonable refusal to pay the claim. If the trial court correctly determined, after applying the reasoning in *Giardino*, that plaintiffs were not entitled to recovery on counts I and IV, then it would seem logical that there could have been no vexatious or unreasonable refusal to pay the claim. And plaintiffs' brief does not address the question of vexatious and unreasonable refusal to pay, but attacks only the trial court's construction of the insurance policy. Plaintiffs do not even ar-

gue that they should have been allowed to proceed on the consumer fraud counts regardless of the trial court's interpretation of the policy. It would seem plaintiffs have abandoned any arguments concerning the vexatious and unreasonable refusal to pay the claim as well as whether the trial court properly disposed of the counts alleging consumer fraud.

The underlying facts of this case are not in dispute. On appeal, the only issue is whether the trial court properly construed the policy. In deciding this appeal, it will be assumed that Ooton is entitled to $100,000 in underinsured motorist coverage, although this has yet to be proved. *Fuoss v. Auto Owners (Mutual) Insurance Co.* (1987), 118 Ill. 2d 430, 516 N.E.2d 268, citing *Tucker v. Country Mutual Insurance Co.* (1984), 125 Ill. App. 3d 329, 465 N.E.2d 956.

*Giardino* construes language from the underinsured motorist endorsement of the very policy which is the subject of the instant cause. In *Giardino*, the court stated:

"The pertinent provisions of the insurance policy in this case read as follows:

'1. We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle.
* * *

3. Underinsured motor vehicle means a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability less than the damages you are legally entitled to recover.
* * *

The limits of liability shown in the declarations apply, subject to the following:
* * *

Any amounts payable will be reduced by:

1. A payment made by the owner or operator of the underinsured motor vehicle or organization which may be legally liable.'

If an insurance policy is clear and unambiguous, the words of the policy will be given their plain and ordinary meaning. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 5[, 429 N.E.2d 1203].) In the present case, the language of the limitation could not be clearer. Any amount which the defendant could owe pursuant to underinsured motorist coverage is reduced by a payment from the underinsured motorist. The plaintiff's policy provided underinsured motorist

coverage of $100,000, and the underinsured motorist paid $100,000 to the plaintiff. Therefore, according to the policy, the plaintiff is not entitled to a recovery.

The plaintiff argues that the limiting provision is ambiguous because it conflicts with the provision providing coverage. We disagree. The language establishing the underinsured motorist coverage must be read with the limitation to establish the boundaries of coverage. The plaintiff makes much of the fact that the underinsured motorist provision in this policy uses similar language to the now-repealed underinsured motorist provision of the Illinois Insurance Code (Ill. Rev. Stat., 1979 Supp., ch. 73, par. 755a—1). However, the plaintiff does not argue that the old provision applies to this case, and in fact, admits that the new version of the statute is applicable in this case. In examining the policy and the statute, we further note that the effect of the limitation on payment is to bring the policy in line with the new version of the statute, which allows recovery only when the underinsured motorist coverage is greater than the total liability coverage for bodily injury of the underinsured motor vehicle owner. (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(3).) Therefore, for the foregoing reasons, the judgment of the circuit court of Kane County is affirmed." *Giardino*, 164 Ill. App. 3d at 390-92, 517 N.E.2d at 1188.

Plaintiffs suggest that the presence of a second tortfeasor distinguishes this case from *Giardino*. We agree.

■ Of significance to the case at bar is the fact that the underinsured motorist definition differs from the statutory definition. The policy defines an underinsured motor vehicle as "a **motor vehicle** which is insured by a liability bond or policy at the time of the accident which provides **bodily injury** liability limits less than the damages **you** are legally entitled to recover." This definition is more inclusive than the definition in the statute (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(3)), which defines an underinsured motor vehicle as:

"[A] motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death of the insured, as defined in the policy, and for which the sum of the limits of liability under all bodily injury liability insurance policies or under bonds or other security required to be maintained under Illinois law applicable to the driver or to the person or organization legally responsible for such vehicle and applicable to the vehicle, is less than the limits for underinsured coverage provided the insured as defined in the policy at the time of the accident."

Under the terms of the policy, it would seem Rogers would be an underinsured motorist; but, under the definition in the statute, he would not be an underinsured motorist. Certainly the statute would control, but any conflict between statute and policy ought to be resolved to the benefit of the insured. The policy can provide coverage broader than the statute, but should not be construed to provide less coverage than the statute requires. And since Rogers is not an underinsured motorist by reason of the statutory definition, the coverages of the two tortfeasors cannot be combined to defeat plaintiffs' claims to underinsured motorist coverage under the instant policy. The underinsured motorist coverage endorsement provides:

"Any amounts payable will be reduced by:

1. A payment made by the owner or operator of the **underinsured motor vehicle** or organization which may be legally liable."

The only underinsured motor vehicle involved in this incident by reason of the statutory definition is that operated by Vanderlaan.

■ Therefore, plaintiffs should have been allowed to prove their damages in an attempt to establish underinsured motorist coverage. However, even though plaintiffs should have the opportunity to prove their damages, that does not mean plaintiffs would be entitled to a double recovery, for even though Rogers' liability coverage is not to be taken into consideration in determining whether underinsured motorist coverage pertains to the facts of this case, nevertheless the amount already recovered from both joint tortfeasors will be a setoff against plaintiffs' total damages to compute the amounts payable.

■ Joint tortfeasors are jointly and severally liable for the entire damage sustained, and a plaintiff may pursue all, some, or one of the tortfeasors responsible for the injury in order to recover (*Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 454 N.E.2d 197; *Chmielewski v. Marich* (1954), 2 Ill. 2d 568, 119 N.E.2d 247), but only one recovery may be had. Since the purpose of the statute is to protect an injured person against the risks of a lesser recovery if injured by an insured driver rather than an uninsured driver (*Price v. State Farm Mutual Automobile Insurance Co.* (1983), 116 Ill. App. 3d 463, 452 N.E.2d 49), then the injured person's own insurer stands in the position of the underinsured tortfeasor to provide excess coverage. Moreover, a settlement with one who is jointly liable may inure to the benefit of another who is also jointly liable, even though that person did not participate in or know of the settlement. (*Good Products Co. v. Dwyer* (1917), 203 Ill. App. 217.) Therefore, defendant would be entitled to apply the $100,000 received from Rogers, as well as the

$25,000 paid on behalf of Vanderlaan, in determining whether plaintiff is entitled to any additional funds. (See *Scudella v. Illinois Farmers Insurance Co.* (1988), 174 Ill. App. 3d 245, 528 N.E.2d 218; *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247; *Becker v. Country Mutual Insurance Co.* (1987), 158 Ill. App. 3d 63, 510 N.E.2d 1316, *appeal denied* (1987), 116 Ill. 2d 548, 515 N.E.2d 101; *Hoel v. Crum & Forster Insurance Co.* (1977), 51 Ill. App. 3d 624, 366 N.E.2d 901.) In other words, plaintiffs will have to prove they are entitled to recover damages in excess of $125,000 in order to recover any part of the $75,000 underinsured motorist coverage, assuming of course plaintiffs prove they are entitled to underinsured motorist coverage.

Accordingly, the judgments of the circuit court of Macon County are reversed as to counts I and IV of plaintiffs' complaint and the cause is remanded for further proceedings. In all other respects, the judgments of the circuit court of Macon County are affirmed.

Affirmed in part; reversed in part and remanded.

KNECHT, P.J., and GREEN, J., concur.