IN DO KIM, Independent Adm'r of the Estate of Seoung Jong Kim, Plaintiff-Appellant, v. STANDARD MUTUAL INSURANCE COMPANY, Defendant-Appellee.

First District (6th Division)   No. 1—90—1912

Opinion filed April 26, 1991.

Burton R. Lindner, of Chicago, for appellant.

Leahy, Eisenberg & Fraenkel, Ltd., of Chicago (Alfred S. Vano, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, In Do Kim, independent administrator of the estate of Seoung Jong Kim, filed an action against defendant, Standard Mutual Insurance Company, seeking a declaration that plaintiff was entitled to uninsured motorist coverage under the policy issued by defendant to plaintiff. The circuit court of Cook County granted summary judgment in favor of defendant, and plaintiff appeals.

The following facts were stipulated to by the parties. Plaintiff is the named insured under an automobile policy issued by defendant

for two vehicles. The limit of liability for each vehicle was $25,000 per individual, $50,000 per occurrence. Seoung Jong Kim, plaintiff's son, was also insured under plaintiff's insurance policy. Seoung Jong Kim was killed as a result of a motor vehicle accident in which he was a passenger in an automobile driven by Simon Edward Trice. Trice was uninsured at the time of the occurrence. Steven L. Miller was the operator of the other motor vehicle. Miller's insurance company, State Farm, paid $20,000 to deceased's estate as a result of the accident.

On June 8, 1989, plaintiff brought this action asking the court to determine the amount of coverage available under the terms of the policy. Plaintiff also requested the court to find the provisions of the uninsured motorist endorsement to be in violation of section 143a(1) of the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 755a(1)) because it is contrary to public policy. The excess-escape clause in the policy provides:

> "7. Other insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.
>
> Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

On February 13, 1990, plaintiff filed his motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005). Plaintiff argued that as a matter of public policy, the law intended that a policyholder should be placed in substantially the same position he would occupy if the negligent driver had the minimum liability insurance required by the financial responsibility act. (*Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 295.) Plaintiff con-

tended that he should have been able to collect the total insurance proceeds available ($50,000) had both drivers involved in this accident carried insurance ($25,000 from Miller and $25,000 from Trice). Plaintiff conceded that defendant is entitled to a $20,000 setoff for the amount collected under the Miller policy in order to avoid any question of double recovery, but that an additional $30,000 of insurance proceeds should be available to him.

The court denied plaintiff's motion for summary judgment and made an express finding limiting defendant's liability to the difference between $25,000 in uninsured motorist coverage and $20,000 paid by State Farm as other coverage available to plaintiff from a joint tortfeasor. Plaintiff filed a motion for reconsideration of the court's order denying summary judgment.

On May 18, 1990, defendant filed its motion for summary judgment, arguing that the "other insurance" clause clearly and unambiguously states that where the insured has other insurance available to him, the damages shall be limited to the amount of the uninsured motorist coverage. The court denied plaintiff's motion for reconsideration and granted summary judgment in favor of defendant.

On appeal, plaintiff contends that he should be allowed to recover the total available amount of uninsured motorist coverage under defendant's policy in the sum of $50,000. He argues that the excess-escape clause is inapplicable because the Trice vehicle had no insurance coverage; thus, defendant's policy should be required to provide the policy coverage attributable to the Trice vehicle subject only to setoff of the $20,000 provided by State Farm.

■■ A motion for summary judgment is proper where the documents on file show there *is* no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) In reviewing the order for summary judgment, this court must consider all of the facts revealed in the record and all of the grounds alleged by the parties in order to determine whether a genuine issue as to a material fact exists. (*Casteel v. Smith* (1982), 109 Ill. App. 3d 1094, 441 N.E.2d 860.) Where the matter at issue may be decided as a question of law, summary judgment is a proper remedy. *Timm v. Indian Springs Recreation Association* (1989), 187 Ill. App. 3d 508, 543 N.E.2d 538.

■ In this case, we find that the trial court correctly determined that the uninsured motorist coverage was available to plaintiff and that recovery is limited to $5,000 (representing the differ-

ence between the $25,000 in uninsured coverage provided under defendant's policy and the $20,000 paid by State Farm as coverage available to plaintiff from a joint tortfeasor). It is well established that Illinois courts have upheld the validity of excess-escape provisions in insurance policies where policies issued to different insureds were involved. *Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 377 N.E.2d 62, citing *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 269 N.E.2d 97.

Plaintiff has not alleged, nor do we find, that the excess-escape clause is ambiguous. Indeed, contract language nearly identical in form to the clause at issue in the present case (wherein the first paragraph contains an excess-escape clause followed by the second paragraph commonly known as a "pro-rata" clause) has been found to be a valid limitation of liability. *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 269 N.E.2d 97; *Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 377 N.E.2d 62.

Plaintiff's reliance on *Johnson v. American Family Mutual Insurance Co.* (1990), 193 Ill. App. 3d 794, 550 N.E.2d 668, is misplaced. *Johnson* involves interpretation of the underinsured motorist statute rather than the uninsured motorist statute at issue here.

■ Accordingly, we find that summary judgment was properly granted in defendant's favor. Where the only issue concerns the construction of an insurance contract, the cause may properly be decided by summary judgment. *Giardino v. American Family Insurance* (1987), 164 Ill. App. 3d 389, 517 N.E.2d 1187.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RAKOWSKI, P.J., and EGAN, J., concur.