Joel J. Sprayregen, Plaintiff-Appellee and Cross-Appellant, v. American Indemnity Company, Defendant-Appellant and Cross-Appellee.

Gen. No. 52,185.

First District.

February 3, 1969.

Berchem, Schwantes & Thuma, of Chicago (Richard Owen Young and Michael A. Dunn, of counsel), for appellant.

Aaron, Aaron, Schimberg & Hess, of Chicago (Joel J. Sprayregen, of counsel), for appellee.

MORAN, J.

The plaintiff, an attorney, was a beneficiary under a land trust which held title to property located at 4221–31 West Cermak Road in Chicago. This property was covered by a policy of liability insurance issued by the defendant, American Indemnity Company and the plaintiff was an insured under this policy.

One Elector Ralph filed suit against the City of Chicago for injuries allegedly received in a fall at 4233 West Cermak. An amended complaint was filed against Cosmopolitan National Bank, the trustee of the land trust. This amendment alleged that the bank possessed and had control over the building located at 4233 West Cermak, "including the appurtenances thereto, specifically a certain wooden projection in the front of said building which did then and there block off a portion of the public sidewalk at that address." This amendment went on to allege:

> "6. That on to-wit the 18th day of November, 1962, plaintiff who was then and there a pedestrian passing upon and along and over the sidewalk in front of 4233 West Cermak Road, Chicago, Illinois,

was then and there caused to move from her direct course on the said sidewalk to a narrow lane or passage upon which there was an existing defect in the said sidewalk as more particularly described in Count I of this amended complaint, . . . ."

After being advised of the suit and being made a party thereto, the plaintiff notified the insurance company of the pending suit and requested that it undertake the defense. The insurance company refused to assume the defense because the premises, as described in the complaint, were not covered by the policy.

The plaintiff then wrote another letter to the law firm representing the insurance company stating:

". . . I submit that the enclosed complaint, amended complaint, and letter and notice from the Cosmopolitan National Bank make clear that the premises involved are those that were covered under the policy. Neither the Bank nor the beneficiaries had any interest in 4233 Cermak Road, and thus the property involved is the property which your client insured. You have therefore declined to defend because of a clerical error made by the plaintiff's attorney. Or, if this is not a clerical error, and the accident occurred at 4233, then there is a complete defense which you are in effect saying should be asserted by the assured at its own expense. I must respectfully ask if you consider this a fair manner in which to treat a policyholder who fulfilled its obligations to pay premiums because it felt the insurer would meet its obligations to provide a defense to a lawsuit arising out of the operation of the insured premises.

"If I were to call the attorney for the plaintiff and advise him of his error, then he would certainly amend his complaint to correct the address. I shall not do this at the present time because I have ad-

vised my clients that until it is absolutely certain that the Insurer is failing to fulfill its obligations we should not do anything which might conceivably be said to prejudice the defense of this case. I can not believe it is in the best interest of a reputable insurance company like your client to give its assured the Hobson's choice of either cooperating with the plaintiff or taking upon itself the burden of defense."

The plaintiff again wrote to American Indemnity Company and made a similar plea. The insurance company in refusing to defend, stated:

"Dear Mr. Sprayregan:

"Since receiving your letter of May 13, 1966, enclosing a Summons in the above case together with the Second Amended Complaint at Law, we have given careful consideration to your request that we defend the suit. We have also conducted additional investigation and are convinced that the accident actually did occur at the place alleged in the Second Amended Complaint which, as you know, involves an area not covered by our policy of insurance.

"We are quite certain that there has been no mistake in describing the area where the accident occurred and are equally sure that the plaintiff would be ill-advised to make any change at this late date with respect to the place of accident. As you know, the location pleaded was first given in the statutory notice to the City of Chicago and has been repeated three times in the successive Complaints filed in this case. In addition to that, we have the firm commitment of the plaintiff herself to our investigator that the accident did occur at the place alleged in the various pleadings.

"Under the above circumstances, we question whether you will consider it desirable to suggest to the plaintiff's attorney that there is any 'error' with respect to the place of the accident. If the plaintiff's attorney is persuaded to make such a change at this late date, he would, of course, run the risk of destroying such claim as he has against the City of Chicago, which is the principal target of his suit.

"In any event, since we are convinced that the accident actually occurred at the location alleged in the various Complaints, we return the Summons and Seconded (sic) Amended Complaint to you so that you may file your pleadings before their due date—June 10, 1966.

Very truly yours,"

The plaintiff then represented himself and was able to obtain an order dismissing the complaint. He then demanded that the insurance company reimburse him for the fees and costs incurred in defending the action, and when the demand was refused, the plaintiff instituted the present action. At the trial the insurance company did not object to the amount claimed but denied that it had any obligation to reimburse the plaintiff. The trial court entered judgment for plaintiff for $2,273, plus costs.

The insurance company appeals contending that since the pleadings alleged an accident at a location which was not covered by the policy, the plaintiff was not entitled to a defense under the terms of the policy. The plaintiff cross-appealed from the trial court's refusal to allow an attorney's fee of $500 under the provisions of chapter 73, section 767, Ill Rev Stats (1967), wherein such remedy is authorized if it is found that the insurance company acted vexatiously and without reasonable cause.

The American Indemnity Company's policy covering the premises at 4221–31 West Cermak states that the company agrees:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined."

The definition of "hazards" related to the premises is "(t)he ownership, maintenance or use of the premises and all operations necessary or incidental thereto."

The policy defines premises as:

"e. Definitions.

"(a) Premises. The unqualified word 'premises' means the premises designated in the declarations and includes the ways immediately adjoining on land."

The policy provisions relating to defense state:

"II DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS.

"With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; . . . ."

The amended complaint stated that the bank had control over the building located at 4233 West Cermak "in-

cluding the appurtenances thereto, specifically a certain wooden projection in the front of the building which blocked off a portion of the sidewalk." The amended complaint went on to say that because of this the plaintiff was forced to move from her direct course on the sidewak to a defective portion of the sidewalk.

In Sims v. Illinois Nat. Cas. Co., 43 Ill App2d 184, 193 NE2d 123, the insurance company refused to defend on the grounds that the plaintiff was an employee of the owner of the car and thus not covered by the policy. The complaint alleged that the plaintiff was a passenger in the car. The Appellate Court held that even though the allegations did not negate the possibility that the plaintiff might also be an employee the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy. That court quoted with approval from Brooklyn & Queens Allied Oil Burner Service Co. v. Security Mut. Ins. Co., 27 Misc2d 401, 208 NYS2d 259:

> "It is well settled that it is the obligation of the insurer to defend an action brought against its insured where the complaint in that action alleges a state of facts within the coverage of the policy, irrespective of the ultimate liability of the insured. (Citing cases.) Moreover, even where it appears, as here, that the complaint in such an action does not state facts with sufficient definiteness to clearly bring the case within or without the coverage of the liability policy, the insurer is nonetheless obliged to defend the action if there is, *potentially*, a case under the complaint within the coverage of the policy; or, stated in other words, where there is doubt as to whether or not the allegations of the complaint in the action against the insured state a cause of action within the coverage of the policy sufficient to compel the insurer to defend the action, such

doubt will be resolved in favor of the insured. (Citing cases.) (Emphasis ours.)"

■ A reading of the complaint in the instant action indicates that there is at least a potential cause of action stated. The insurance company states that because the complaint alleges the scene of the injury to be 4233 West Cermak, a location not covered by the policy, it has no duty to defend. However, the amended complaint also alleges that a wooden projection in front of that address blocked off a portion of the sidewalk. At the trial the plaintiff testified that there had been a wooden projection in front of the premises at 4221–31 West Cermak. Moreover, the policy definition of insured premises includes the ways immediately adjoining. There is no doubt but that, potentially at least, it could be found that the premises at 4221–31 caused or contributed to the alleged injury. The fact that the complaint alleges the scene of the injury to be 4233 West Cermak does not preclude potential liability on the part of the possessor or occupant of 4231 West Cermak.

■ ■ The duty to defend is considered broader than the duty to pay. Allstate Ins. Co. v. Gleason, 50 Ill App2d 207, 214, 200 NE2d 383; McFadyen v. North River Ins. Co., 62 Ill App2d 164, 209 NE2d 833. Mc-Fadyen also states the rule that the insurer's duty to defend is "predicated upon the allegation in the complaint . . . and when such allegations state facts which bring the case within, or potentially within, the coverage of the policy, the insurer is from this time on unjustified in not defending the insured." Id. at 836.

Our decision in holding that the complaint states a cause of action which potentially could impose liability on the plaintiff is not in conflict with the Farmers Elevator Mut. Ins. Co. v. Burch case, 38 Ill App2d 294, 187 NE2d 12, relied upon by appellant. In that case a nuisance was alleged and the policy insured against ac-

cidents only. In the present case, however, the allegation of an injury at 4233 does not preclude liability on the part of the premises located at 4231 West Cermak. There is no doubt that if the claim against the plaintiff were to prevail, that the defendant insurance company would be bound to indemnify, since such liability could arise solely from his role as owner of beneficiary of the premises.

■ ■ We next consider the cross-appeal wherein the plaintiff contends that he should be allowed $500 in attorney fees for the insurance company's refusal to pay the cost of the defense. The statute (c 73, § 767, Ill Rev Stats) provides that the court may allow attorney fees as a part of the costs in the action if the company's refusal was vexatious and without reasonable cause. A determination of what constitutes vexatious and unreasonable refusal is a matter for determination by the trial judge. Howard Foundry Co. v. Hartford Ins. Co., 222 F2d 767. There is sufficient evidence in the record to support the trial court's finding that the refusal to defend was not vexatious and unreasonable.

Accordingly, the judgment of the lower court is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.