Roman Domas, Plaintiff-Appellee, v. The Fidelity & Casualty Company of New York, a Corporation, Defendant-Appellant.

Gen. No. 53,221.

First District, Second Division.

July 1, 1969.

Howard & French, of Chicago (Russell V. Guilford, of counsel), for appellant.

Paul M. Smith, Jr., and Frederick C. Jonas, of Chicago (Frederick C. Jonas, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This was an action for indemnification for expenses incurred by plaintiff Roman Domas (hereinafter referred to as "Domas") in the defense of a personal injury action after defendant Fidelity & Casualty Company of New York (hereinafter referred to as "Fidelity") withdrew from and refused to defend the action as it was allegedly required to do pursuant to the terms of a policy of insurance issued by it to Domas. The trial court entered judgment for Domas in the amount of $4,024.10, representing $3,524.10 expended by Domas in the defense of the personal injury action ($2,000 judgment,

$1,500 attorney fees, and $24.10 costs) and the additional sum of $500 for attorney fees in the instant action "for vexatious refusal of defendant to represent plaintiff in aforesaid case." Fidelity appeals.

In March 1959 three members of the Norman family were injured when the automobile in which they were riding was forced to make a sudden and unexpected stop due to a defect in the public street allegedly caused by Domas, a plumber, at the site where he was repairing underground sewer connections. The Normans instituted a personal injury action against the City of Chicago in 1960, and the City in turn filed a third-party action against Domas alleging negligence on his part and demanding indemnification for any damages recovered against it by the Normans. Defense of the third-party action was tendered by Domas to Fidelity, pursuant to the terms of a Comprehensive General Liability insurance policy issued by it to Domas, and Fidelity thereafter filed its appearance and undertook defense of the third-party action. The third-party complaint was subsequently dismissed on motion of Domas (represented by attorneys selected by Fidelity) and an amended third-party complaint was later filed by the City.

The amended third-party complaint alleged Domas' liability to the City by reason of a "hold harmless" clause in a performance bond executed by Domas with the City prior to his commencement of the sewer repair work. The amended third-party complaint demanded indemnification from Domas for any damages recovered by the Normans against the City. Upon receipt of the amended third-party complaint, Fidelity sent a letter to Domas informing him of the amended third-party complaint, advising him to put the defense of the matter into the hands of the insurance carrier on the performance bond, and also advising him that Fidelity was withdrawing from the case.

Several weeks prior to the trial date set for the Norman action, Domas' privately retained counsel notified Fidelity by letter of the court date and reminded Fidelity of its responsibility to defend the action. The letter recited that if Domas suffered judgment in the Norman action, Fidelity would be called upon for indemnification. The Norman action, including the amended third-party complaint, came on for trial and after several days of testimony, the amended third-party complaint was dismissed. A week later Domas was joined as a defendant in the Norman action without notice to Fidelity, and judgment was thereafter entered against Domas in that action.

Domas filed the instant complaint in January 1963 seeking indemnification from Fidelity, costs and expenses incurred by Domas in the defense of the Norman action and attorney fees incurred in the prosecution of this action. Fidelity answered and later filed a motion for summary judgment alleging certain provisions in the policy of insurance which allegedly excluded Domas from coverage thereunder in the Norman action. Domas thereafter filed a motion for summary judgment. The trial court sustained Domas' motion for summary judgment, denied Fidelity's motion for summary judgment, and entered the judgment for Domas from which this appeal is prosecuted.

Fidelity first contends that it was not required to defend Domas in the Norman action for the reason that the policy of insurance issued to Domas specifically excluded coverage for liability resulting from contracts or agreements entered by the insured, and that Domas had executed the performance bond to the City of Chicago agreeing to hold the City harmless for damages resulting from Domas' negligence in connection with the opening to be made in the public street, from which his liability in this regard stems.

The policy of insurance in question provides that Fidelity shall defend any action against the insured which alleges injuries, or the like, even if such action is groundless, false or fraudulent. The "Exclusions" section of the policy provides that the policy does not apply to "liability assumed by the insured under any contract or agreement except (1) a contract defined herein. . . ." The "Definitions" section of the policy defines a "contract" as a "lease of premises, easement agreement, *agreement required by Municipal ordinance,* side track agreement or elevator or escalator maintenance agreement." (Emphasis by Court.)

The Municipal Code of the City of Chicago requires a permit from the City before any person is able to make an opening in a public street, and further requires that the person execute a performance bond to the City holding the City harmless for any damages incurred by the City as a result of that person's activities in this regard before such permit may be issued. The performance bond which Domas executed, and from which his liability in the Norman action resulted, was within the terms of coverage of the policy issued by Fidelity. The amended third-party complaint specifically alleged the existence of the performance bond in question and also alleged Domas' liability to the City thereunder for any damages incurred by the City in the Norman action. If the pleadings in an action disclose potential coverage under the terms of an insurance policy, the insurance company must defend that action. Sims v. Illinois Nat. Cas. Co. of Springfield, 43 Ill App2d 184, 189–193, 193 NE2d 123. Fidelity was obligated to defend Domas in the Norman action as required by the terms of its policy of insurance and consequently was not justified in withdrawing therefrom upon receipt of the amended third party complaint.

The case of Maryland Cas. Co. v. Zanca, 76 NJ Super 475, 184 A2d 886, cited by Fidelity in support of its

position is not in point. In the Zanca case, the contract entered between the insured and the municipality was clearly excluded from the terms of the policy of insurance. Here, the bond executed by Domas to the City was clearly within Fidelity's own definition of those contracts entered by the insured which were covered by the policy.

■ Fidelity next contends that Domas cannot recover in this action because he became, without notice to Fidelity, a primary defendant in the Norman action after the amended third party complaint against him was dismissed. The terms of the policy of insurance provided coverage for Domas in the third-party action and Fidelity received notice of that action. Once Fidelity received notice of that action and once it became its duty to defend Domas in that action, it was obligated from that time on to continue the defense of the action. McFadyen v. North River Ins. Co., 62 Ill App2d 164, 170–171, 209 NE2d 833. The fact that Fidelity did not receive notice of the change in Domas' posture, from third-party defendant to that of primary defendant, does not aid Fidelity, inasmuch as its withdrawal from the Norman action in the first instance was not justified and Fidelity therefore cannot take advantage of the condition precedent provisions of the policy.

■ The final point raised by Fidelity is that the imposition of attorney fees pursuant to section 155 of the Insurance Code was an abuse of the trial court's discretion. (See Ill Rev Stats 1967, c 73, par 767.) Section 155 provides that the trial court may allow reasonable attorney fees, within prescribed limits, to a party who is entitled to recover against an insurance company in an action to enforce the terms of the policy of insurance where, inter alia, the insurer's refusal "upon demand prior to the commencement of the action to pay the amount of the loss . . . is vexatious and without reasonable cause. . . ." By the terms of the statute it must appear to the court that the insurance company's

27

refusal must be both vexatious and without reasonable cause before the court may order attorney fees thereunder. Stock v. Reliance Ins. Co., 96 Ill App2d 8, 238 NE2d 420; Ill Rev Stats 1967, c 73, par 767.

In the instant case there was no showing that the action of Fidelity in withdrawing from the Norman action was vexatious. After receipt of the amended third-party complaint, Fidelity determined that the defense of the action against Domas should be handled by the insurance carrier on the performance bond executed by Domas to the City. See Ostrowsky v. United States Fidelity & Guaranty Co., 4 Ill App2d 202, 204, 124 NE2d 18. The attorney fees of $500 "for vexatious refusal of defendant to represent plaintiff" in the Norman action should not have been allowed.

For these reasons the judgment is modified by striking that portion thereof relating to the allowance of $500 attorney fees for vexatious refusal to defend and, as modified, the judgment is affirmed.

Judgment modified and affirmed.

LYONS, P. J. and McCORMICK, J., concur.