EDWARD M. COHON & ASSOCIATES, LTD., Plaintiff-Appellant, *v.* CITIZENS CASUALTY COMPANY OF NEW YORK, Defendant-Appellee.

(No. 54678;

First District—December 27, 1971.

Wildman, Harrold, Allen & Dixon, of Chicago, (Harold W. Huff and Richard C. Bartelt, of counsel,) for appellant.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

Plaintiff, Edward M. Cohon & Associates, Ltd., an Illinois corporation, as named insured against professional errors and omissions in a policy issued to it by defendant, brought this action for declaratory judgment to obtain from the court a direction to defendant that it both defend and indemnify plaintiff, in accordance with the terms of the policy, against a claim then being asserted against it by one Grizely in another action.

The only defensive pleading was a motion to dismiss on two grounds: (1) that defendant was already defending Edward M. Cohon individually in the *Grizely* suit, and that the true party in interest as plaintiff was therefore Aetna Insurance Company;* and (2) that while defendant had issued its professional errors and omissions policy to plaintiff, before the relief sought by the complaint could be authorized, a jury in the *Grizely* case would have to determine that plaintiff had been guilty of a professional error or omission.

After hearing the arguments of counsel on the motion to dismiss, the court entered the following order from which plaintiff has appealed:

"It Is Ordered that Citizens Casualty Company of New York, and the Aetna Insurance Company shall both defend Edward M. Cohon in cause Nos. 67L3865 and 67L5272. All other relief requested in the complaint herein be and it is hereby denied."

■■ Bearing in mind that defendant's motion admitted the truth of all facts well pleaded in plaintiff's Amended Complaint (*Acorn Auto Driving School v. Bd. of Educ.*, 27 Ill.2d 93), the substantive effect of this order may be broken down into eight points for the convenience of our consideration:

"(1) Plaintiff is not an insured under defendant's policy which is the subject of this declaratory action.

(2) The claim of Grizely does not come within the provisions of that policy.

(3) Defendant is not obliged to defend plaintiff against the Grizely claim.

---

* The pleadings contain no explanation of what connection Aetna might have with these matters other than this bald assertion. We are without the benefit of brief or appearance on behalf of the appellee.

(4) Nor is defendant obliged to indemnify plaintiff against the Grizely claim.

(5) Defendant shall defend Edward M. Cohon individually in the Grizely case (67L3865).

(6) Aetna Insurance Company shall do likewise.

(7) Both said insurance companies shall also defend Edward M. Cohon individually in case No. 67L5272 (not otherwise identified).

(8) Plaintiff is not entitled to any damages for vexatious and unreasonable refusal or for any other reason."

Point (1) is in error because defendant's pleading has admitted that the contrary is true.

Point (2) is in error as both the amended complaint and the motion to dismiss (with exhibit attached) contain allegations to the effect that the *Grizely* suit claims damages (arising out of the performance of professional services) from the corporation which is the plaintiff in the instant case.

Point (3) is in error as it relies on the mistaken statement in the second ground of defendant's motion to dismiss; namely, that the policy requires only indemnification and not defense of the insured. *Sprayregen v. American Indemnity Co.,* 105 Ill.App.2d 318.

Point (4) is in error since defendant's obligation to indemnify plaintiff was alleged in the amended complaint, and for all intents and purposes was conceded by defendant in the second ground of its motion to dismiss.

Point (5) is in error since it is irrelevant to the instant case in which plaintiff corporation seeks to have defendant defend it in the *Grizely* case. Edward M. Cohon individually is not a party to the instant case, and, in any event, defendant's motion had specifically stated that it was already defending Edward M. Cohon individually in the *Grizely* case.

Point (6) is in error as beyond the jurisdiction of the court. Aetna is not a party plaintiff or defendant, and no pleadings seek any relief for it or against it.

Point (7) is in error because no relief is sought against either Aetna or defendant on behalf of Edward M. Cohon individually, who, like Aetna, is not a party to the suit. In addition, the record discloses absolutely nothing as to who the parties to case No. 67L5272 may be, if there is such a case, nor anything about the nature of the action.

Point (8) is in error since determination of these allegations must abide the result of whatever evidence may be presented after conclusion of the other issues.

■■ In our opinion, plaintiff's amended complaint states a cause of action. The judgment is therefore reversed and the cause is remanded with

directions to overrule defendant's motion to dismiss, and for such further proceedings as may be not inconsistent with this opinion.

Reversed and remanded with directions.

DRUCKER and LORENZ, JJ., concur.

