DUSTY RICHARDSON, Plaintiff, v. ILLINOIS POWER COMPANY, Defendant and Third-Party Plaintiff-Appellee (National Union Fire Insurance Company, Third-Party Defendant-Appellant).

Fifth District   No. 5—89—0864

Opinion filed August 23, 1991.

Ducey, Feder & Ducey, Ltd., of Belleville, for appellant.

Carl W. Lee and James E. DeFranco, both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Plaintiff fell from a wooden power and utility pole and sued the owner, Illinois Power Company. Illinois Power filed this third-party action against its insurer, National Union Fire Insurance Company, claiming that it was an additional insured under a general liability policy, and that National Union had breached the contract by not defending Illinois Power in the underlying suit. Illinois Power also sought damages under section 155 of the Illinois Insurance Code for unreasonable and vexatious refusal to honor its policy obligations. (Ill. Rev. Stat. 1985, ch. 73, par. 767.) The circuit court of St. Clair County granted summary judgment on both counts in favor of Illinois Power. National Union appeals the summary judgment and the order assessing attorney fees, costs, and penalties. We affirm.

In support of its summary judgment motion, Illinois Power attached a liability policy naming it as an additional insured. The insurance policy states: "[T]he company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury *** even if any of the allegations of the suit are groundless, false, or fraudulent ***." In the summary judgment motion, Illinois Power alleged that it directed a request to admit to National Union asking the insurer to admit that Illinois Power was an additional insured under the policy. National Union objected to this request, but its objections were overruled, and National Union was ordered to respond within 21 days. National Union did not respond, and, therefore, the request was deemed admitted. Illinois Power's motion also was supported by the affidavit of its claims supervisor. The affiant acknowledged that Illinois Power had repeatedly requested a defense but that National Union failed to so provide.

National Union filed no response to Illinois Power's motion for summary judgment. The circuit court ordered National Union to advise the court whether it would defend Illinois Power. National Union did not respond, and the circuit court granted summary judgment November 7, 1988.

An evidentiary hearing was held on damages nine months later. At the hearing, counsel for National Union, for the first time, asked the court to reconsider its summary judgment order. The insurer argued that a letter from its claim representative showed its inten-

tions to defend under a reservation of rights. This letter had been presented earlier as Illinois Power's exhibit. After hearing arguments of counsel, the circuit court entered judgment for Illinois Power in the amount of $18,883 plus a penalty of $4,720.75.

On appeal, National Union argues the circuit court erred in granting summary judgment because: (1) Illinois Power hired its own counsel, thereby precluding it from defending; (2) section 155 of the Illinois Insurance Code is inapplicable to an insurance company's failure to defend; and (3) Illinois Power did not prove the reasonableness of its attorney fees.

■ The issue on appeal is whether the pleadings, depositions, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) In order to prevent the entry of summary judgment, the nonmoving party must present a *bona fide* factual defense and not hide behind equivocations and denials. *Koukoulomatis v. Disco Wheels, Inc.* (1984), 127 Ill. App. 3d 95, 468 N.E.2d 477.

■ Here, National Union did not file a response to summary judgment, nor did it file counteraffidavits or present other evidence opposing the motion; thus, Illinois Power's affidavits and exhibits remain uncontradicted. From the record it is undisputed that Illinois Power is an additional insured under a general liability policy and that National Union presented no defense of its insured. National Union's contention that it initially offered to provide a defense as evidenced by the letter from its claim representative is unavailing. In fact, another letter from the insurer's claim representative, written six months later, states that until certain legal issues are "cleared up, National Union has not given me authority or instructions to take over Illinois Power's defense." The record establishes that no defense was provided.

If an action is commenced against an insured alleging claims potentially within the policy coverage, the insurer must either defend the suit under a reservation of rights or seek a declaratory judgment that the policy affords no coverage. (*Trovillion v. United States Fidelity & Guaranty Co.* (1985), 130 Ill. App. 3d 694, 474 N.E.2d 953, citing *Thornton v. Paul* (1978), 74 Ill. 2d 132, 384 N.E.2d 335.) National Union did neither. Therefore, summary judgment as to count I was proper.

■ The circuit court also properly found that section 155 of the Illinois Insurance Code applies to National Union's refusal to defend. Section 155(1) provides:

"(1) In any action by or against a company wherein there is in issue the liability of a company on a policy *** of insurance ***, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus [the statutory penalty]." Ill. Rev. Stat. 1985, ch. 73, par. 767(1).

The statutory penalty for an insurer's vexatious and unreasonable refusal to defend has been applied against the insurer. (See *Sprayregen v. American Indemnity Co.* (1969), 105 Ill. App. 2d 318, 245 N.E.2d 556; *Manchester Insurance & Indemnity Co. v. Strom* (1970), 122 Ill. App. 2d 183, 258 N.E.2d 150; *Domas v. Fidelity & Casualty Co.* (1969), 113 Ill. App. 2d 22, 251 N.E.2d 284.) The legislature intended to provide a remedy to an insured who encounters unnecessary difficulties when an insurer withholds policy benefits. (*Meier v. Aetna Life & Casualty Standard Fire Insurance Co.* (1986), 149 Ill. App. 3d 932, 500 N.E.2d 1096, citing *Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 371 N.E.2d 373.) One important benefit of a liability policy is the defense of liability claims that have been filed in court. It would defeat the purpose of the statute to allow an insurer to escape any penalty when it fails to provide one of the most important benefits of a liability policy—a defense. What constitutes vexatious and unreasonable refusal is a matter for the trial judge's determination. (*Sprayregen,* 105 Ill. App. 2d at 326, 245 N.E.2d at 560, citing *Howard Foundry Co. v. Hartford Fire Insurance Co.* (7th Cir. 1955), 222 F.2d 767.) The record supports the circuit court's finding that National Union's refusal to defend was vexatious and unreasonable. Thus, the 25% penalty provision (Ill. Rev. Stat. 1985, ch. 73, par. 767(1)(a)) is applicable.

■ We further find, after considering the factors in *Songer v. State Farm Fire & Casualty Co.* (1982), 106 Ill. App. 3d 141, 435 N.E.2d 948, and reviewing the affidavit submitted by counsel, that the attorney fees and costs submitted to the circuit court in affidavit form are reasonable. The affidavit was well documented. The attorney set forth the work performed by him and other members of his firm, the precise number of hours spent, and the billing rate of associates and partners for each year of the litigation. National Union did not present any affidavits or other evidence to oppose Illinois Power's evidence concerning its attorney fees. Illinois Power also asks for additional attorney fees for prosecuting this appeal.

We believe counsel is entitled to recover reasonable attorney fees for the prosecution of this appeal, and this amount should be determined after hearing by the trial court. The circuit court is otherwise affirmed.

Affirmed and remanded with directions.

CHAPMAN and GOLDENHERSH, JJ., concur.