Hermann A. F. Grau, Appellant, v. Travelers Insurance Company of Hartford, Connecticut, Appellee.

**Gen. No. 40,741.**

Heard in the first division of this court for the first district at the June term, 1939. Opinion filed January 22, 1940. Rehearing denied February 5, 1940.

Hermann P. Haase, of Chicago, for appellant.

Kirkland, Fleming, Green, Martin & Ellis, of Chicago, for appellee; David Jacker and William H. Symmes, Jr., both of Chicago, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

May 24, 1937, plaintiff brought an action against defendant to recover $2,700 claimed to be due under a policy issued to him by defendant. At the close of plaintiff's case there was a directed verdict in favor of defendant, and plaintiff appeals.

The record discloses that on the 7th of September, 1918, defendant issued its policy insuring plaintiff "against loss resulting from bodily injuries, effected directly and independently of all other causes, through external, violent and accidental means." The policy also contained the following provision: "If such injuries, independently and exclusively of all other causes, shall wholly and continuously disable the Insured from the date of accident from performing any and every kind of duty pertaining to his occupation, The Company will pay, so long as the Insured lives and suffers such total disability, a weekly indemnity of $25."

It was alleged in the complaint that plaintiff on December 3, 1935, while the policy was in effect, met with an accident and the injuries he received "did wholly and continuously, and permanently disable the Plaintiff from performing any and every kind of duty pertaining to his occupation"; that defendant paid plaintiff $37.50 on account of the injuries he sustained and that there was a balance due of $2,700.

Among other things, defendant in its answer denied on information and belief that plaintiff was wholly and continuously and permanently disabled from the injuries he received, denied it paid the $37.50 on account

but averred that it paid that sum in full payment and obtained a release from plaintiff.

Defendant contends that the court properly directed a verdict in its favor at the close of plaintiff's case because the evidence showed that plaintiff was not "wholly and continuously disabled from the date of the accident from performing any and every kind of duty pertaining to his occupation"; and that the injuries plaintiff received did not independently and exclusively of all other causes, disable him because the evidence shows the accident merely aggravated a preexisting disease.

Plaintiff testified that December 3, 1935, he was employed at the McCormick works of the International Harvester Company, as a draftsman and in doing his work was sitting on a high stool, which broke and he was severely injured, the end of his spine coming in contact with the chair when he fell; that the accident happened about two o'clock in the afternoon and shortly thereafter he continued his work for the rest of the day; that he did not go to work the next morning but did so in the afternoon of that day in response to a call from the chief draftsman; that he went to his own doctor who gave him some pills which he took and some time in December had X-ray pictures taken. Plaintiff further testified that after the 4th of December, the day after the accident, he stayed home two days of the next week and returned to work on Wednesday the 11th, and worked the balance of that week and that the next week he was away from his work for two days, and then worked the balance of that week; that he was next away from work on December 30 and 31, and January 1 and 2, after which he went to work and worked until January 20. He was off that day and the next day, and from that time he worked until February 14, when he caught a cold; that he had pains every day from the time he was hurt and from February 14, he stayed home 10 days and stayed in bed; that

he could not stand the pain; that he went back to work on Monday when it was 20 degrees below zero; that he was called to the office of the master mechanic; "he gave me a big spiel, and asked me what was wrong," and said that if I lost any more time he would put somebody else in my place, and plaintiff replied: "If you feel about it that way, Mr. Potts, you may just as well look after another man right now"; and that he had not worked since; that he had trouble with his back, hips and swelling of the leg.

Dr. Perry testified that he made an examination of plaintiff in March, 1938, and had X-ray pictures taken. He further testified that he found plaintiff was suffering from arthritis, etc. Dr. Fahlstrom also testified that plaintiff had a latent arthritis prior to the accident and that the accident inflamed the dormant arthritis.

Plaintiff cites authorities under the Workmen's Compensation Act to the effect that latent diseases which are excited or accelerated by reason of some bodily injury constitute a personal injury which arose out of his employment, within the meaning of that act. We think it clear those authorities are not applicable here. Counsel for plaintiff, in his brief, also says: "We believe that . . . Defendant . . . will agree that the only issue involved in this case is whether or not the injuries caused by the accident which plaintiff sustained on December 3, 1935, independently and exclusively of all other causes, wholly and continuously disabled the Plaintiff from the date of the accident from performing any and every kind of duty pertaining to his occupation." Counsel then discusses the pleadings but we think no question arises on the pleadings because no such question was raised in the trial court. (Ill. Rev. Stat. 1939, ch. 110, sec. 42 [Jones Ill. Stats. Ann. 104.042].)

We think the statement of counsel for plaintiff, which we have quoted, states the controlling question

in the case. Plaintiff's own testimony shows that after plaintiff was injured he worked approximately 41 days out of 55 over a period of 11 weeks. In this state of the record, we think it obvious that plaintiff was not "wholly and continuously disabled from the date of the accident" and therefore the court did not err in directing a verdict. *Coburn v. Maryland Casualty Co.*, 224 Ky. 377; *Irwin v. Travelers' Ins. Co.*, 277 N. Y. S. 724. In the latter case, plaintiff sued to recover under an accident policy which contained a provision similar to the one in the case at bar. The court said: "Do these policies cover a recurrent period of disability . . .'.

"The above-quoted clause provides for indemnity for disability, . . . It requires that the disability, independently of all other causes, 'shall wholly and continuously disable the Insured from the date of accident from performing . . . duty pertaining to his occupation. . . .' This language excludes indemnity for disability suffered in a second period (following one in which there has been no disability) . . . This is the plain effect of language [of the policy] obviously designed to limit indemnity to a continuous period of disability so as to avoid litigation with respect to the cause of a disability claimed to have recurred." The court continuing said that the language of the policy was clear and unambiguous and would be enforced as written.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.