ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee, v. DENISE MATHIS *et al.*, Defendants-Appellants.

Third District    No. 3—98—0523

Opinion filed February 1, 1999.

Bernadette Garrison Barrett (argued), of Barrett, Sramek & Jasinski, of Palos Heights, for appellants.

Peter C. Morse (argued), of Morse & Bolduc, of Chicago, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Defendants Wayne and Claudia Grady, individually and as parents of Thomas Grady, deceased, appeal from the entry of summary judgment in favor of plaintiff Allstate Insurance Company (Allstate). The Gradys filed an action against the Mathises surrounding the tragic death of their son, Thomas. Allstate insured the Mathises under a renter's policy. The trial court found that the business activities exclusion of the Allstate policy precluded coverage and dismissed the insurer from the case. We agree and affirm.

## FACTS

The Mathises and Gradys were close friends. After Thomas's birth, Denise Mathis agreed to baby-sit for Thomas and Bristiana Grady while Claudia Grady returned to work full-time. Denise took care of the two children for approximately 40 hours per week. Claudia provided the formula and diapers for Thomas. At the end of the first week of sitting, Claudia paid Denise $4 per hour for her services. A few weeks later, Denise informed Claudia that $4 per hour was too much and adjusted the fee to $3 per hour. Claudia testified in her deposition that at no time was Denise not paid for providing care for the children.

Approximately 10 months after the arrangement began, Denise placed Thomas in a playpen for a nap. When she returned to check on the child, several blankets from a dresser adjacent to the playpen had fallen on top of Thomas, suffocating him. The Gradys filed suit alleging that the Mathises failed to properly supervise Thomas and failed

to maintain the premises in a safe condition. The Mathises turned to their insurance carrier, Allstate, for coverage.

Allstate insured the Mathises under a renter's liability policy. The policy provided, in part:

"We do not cover bodily injury or property damage arising out of the past or present business activities of an insured person."

It defined a "business" as:

"Any full or part-time activity of any kind engaged in for economic gain including the use of any part of any premises for such purposes. The providing of home day care services to other than an insured person or relative of an insured person for economic gain is also a business."

Relying on the business exclusion provision, Allstate filed a declaratory judgment action claiming that it owed no duty to defend or indemnify the Mathises under the policy. The parties agreed that the facts were primarily undisputed. After considering oral arguments, the trial court granted summary judgment in favor of Allstate. The Gradys appeal.

## ANALYSIS

The Gradys primarily challenge the court's determination that the policy's business activities exclusion precludes coverage for the home day care services provided by Denise.

■ Summary judgment is appropriate when the pleadings, depositions and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment. 735 ILCS 5/2—1005 (West 1996). When the parties agree that the facts of a case are undisputed, we need only determine whether the trial court correctly ruled as a matter of law. *Bryant v. Glen Oaks Medical Center*, 272 Ill. App. 3d 640, 650 N.E.2d 622 (1995). This court reviews a summary judgment *de novo. Estate of McKinney v. American Standard Insurance Co.*, 296 Ill. App. 3d 97, 694 N.E.2d 200 (1998).

■ The terms of an insurance policy must be read according to their plain and ordinary meaning; a court will not create ambiguity where none exists. *Allstate Insurance Co. v. Smiley*, 276 Ill. App. 3d 971, 659 N.E.2d 1345 (1995). In determining whether a business pursuit exclusion applies to a particular set of facts, courts in Illinois have typically applied a two-part test: (1) Is the activity regular and continuous? and (2) Does the activity provide at least some portion of the insured's livelihood? *Badger Mutual Insurance Co. v. Ostry*, 264 Ill. App. 3d 303, 636 N.E.2d 956 (1994).

■ Here, Denise provided day care service for the Grady children on a regular basis for 40 hours per week over approximately 10 months. The Gradys paid her for the service at a rate of $3 (originally

$4) per hour every week. Although Denise did not realize an enormous profit, she did receive some compensation that contributed to her family's livelihood. See *Watkins v. Brown*, 97 Ohio App. 3d 168, 646 N.E.2d 485 (1994) (court held longtime friend baby-sitting for $40 per week was receiving a profit). Therefore, we are compelled to hold that the day care Denise provided the Gradys constitutes a business activity and is excluded from coverage. See *Smiley*, 276 Ill. App. 3d at 978, 659 N.E.2d at 1351.

In the alternative, the Gradys claim that the business exclusion provision does not preclude the instant suit because Thomas's death arose out of Denise's inept housekeeping skills rather than the business activity of baby-sitting. We disagree.

Although the term "arising out of" should be given a limited interpretation in favor of the insured (*Oakley Transport, Inc. v. Zurich Insurance Co.*, 271 Ill. App. 3d 716, 648 N.E.2d 1099 (1995)), it is clear the unfortunate circumstances that caused Thomas's untimely death arose out of Denise's duty to provide day care services to the Gradys. By offering to baby-sit the children, Denise undertook a duty to protect and supervise them as well. In their complaint, the Gradys alleged that she failed to complete these duties—obligations directly correlated to providing day care services. Accordingly, we find that Thomas's injuries arose out of Denise's business activity and thus, regrettably, are not covered by the policy.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HOMER, P.J., and HOLDRIDGE, J., concur.