SECOND DIVISION 

December 21, 1999 

No. 1-97-2777

ALLSTATE INSURANCE COMPANY,

Plaintiff-Appellee,

v.

LEONARD D. DAVENPORT,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Aaron Jaffe,

Judge Presiding.

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff Allstate Insurance Company (Allstate) brought this declaratory judgment action against defendant Leonard D. Davenport, in which it sought to determine whether benefits were due to defendant on an automobile insurance policy.  The trial court entered summary judgment in favor of plaintiff.  Defendant now appeals, contending that material questions of fact exist and the trial court was thus precluded from entering summary judgment in favor of plaintiff.

On April 14, 1986, defendant was involved in an automobile accident.  At the time of the accident, defendant was in the scope 
of his employment with the Chicago Transit Authority (CTA) and was operating a vehicle owned by the CTA.

Defendant sustained injuries to his back that kept him from working from the time of the accident until June 1986.  Defendant returned to his job as a supervisor of rail maintenance at the CTA in early June of 1986 and worked until July 8, 1986.  After further treatment, defendant again returned to work at the CTA from October 30, 1986, until May 22, 1987.  During these periods of work, defendant received the same amount of pay and had the same job title as he had had previously but his duties were lessened due to his back condition.  At his deposition in this case, defendant indicated that he could not perform many of the duties related to his job and received significant aid from others in carrying out those duties during the periods he returned to work.  After May 22, 1987, defendant entered the hospital for surgery on his back and has not worked since.  The only injury defendant had suffered to his back was from the April 14, 1986, automobile accident.  According to reports in the record from Dr. David Birnbaum, defendant's physician, defendant suffers from arachnoiditis, degenerative disc disease and intermittent sciatica.  These conditions, the result of the accident, have disabled defendant.  Dr. Birnbaum's report indicated that defendant will continue to suffer severe, incapacitating pain and his condition is not expected to improve.

At the time of the accident, defendant had an automobile insurance policy with plaintiff that included coverage for disability income protection.  Defendant's policy with plaintiff stated that plaintiff would pay defendant's disability income benefits only if the disability:

"(1) commences within 20 days of the date of the accident; and

(2) during the first year after commencement continuously prevents the insured person from performing every duty pertaining to his occupation; and

(3) during the second and subsequent years after commencement continuously prevents the insured person from engaging in any occupation or employment for wage or profit."

In addition to the provisions regarding "own occupation" disability benefits (provision 2, above), and "any occupation" disability benefits (provision 3, above), the policy included an exclusion stating that the coverage did not apply to a disability sustained in the course of an occupation while operating or performing any duties related to the use of a commercial automobile.

In September 1990, Allstate paid defendant one year's worth of disability benefits under the "own occupation" disability benefits provision in the policy.

As a result of the accident, defendant filed a claim for workers' compensation benefits.  In a March 14, 1994, decision by an arbitrator, defendant was found to have sustained injuries that caused him to be completely disabled and that rendered him "wholly and permanently incapable of work."  The arbitrator awarded defendant a worker's compensation benefit of $511.81 per week for the remainder of his life.

In 1995, plaintiff filed a complaint for declaratory judgment, alleging that defendant's "own occupation" disability benefits were not payable because defendant was not continuously prevented from performing every duty related to his occupation in the first year after his accident.  Plaintiff also alleged that "any occupation" disability benefits were not payable because defendant was not continuously prevented from engaging in any occupation or employment for wage or profit during the second year following his accident.  The complaint further alleged that defendant was not entitled to either type of disability benefits because his accident fell within the exclusion for injuries sustained while operating a commercial automobile in the course of an occupation.

Defendant filed an answer and counterclaim alleging
 
that plaintiff's failure to pay him disability benefits was "vexatious and without reasonable cause."

Plaintiff moved for summary judgment on its complaint for declaratory judgment.  Defendant responded, maintaining, among other things, that plaintiff had waived its objections to paying him disability benefits by paying him "own occupation" disability benefits in 1990.  At an April 9, 1997, hearing on plaintiff's motion for summary judgment, the attorney for plaintiff informed the court that because plaintiff had voluntarily paid defendant "own occupation" total disability benefits for the first year, the only issue before the court was whether Allstate owed "any occupation" payments to defendant for the second and subsequent years following the accident.  Plaintiff's attorney argued that because defendant had continued to work at his job with the CTA for at least a full month into the second year, he was not continuously prevented from engaging in any occupation.  The trial court entered summary judgment in favor of plaintiff and against defendant.  The court noted that the standards for receiving "own" and "any" disability benefits were different and found that because defendant had worked for a portion of the second year following his accident, he had engaged in an occupation for a period of time and was not entitled to further benefits.  On June 10, 1997, the trial court denied defendant's motion for rehearing and reconsideration and entered summary judgment in favor of plaintiff and against defendant with respect to defendant's counterclaim.

Defendant contends that the trial court erred in granting summary judgment for plaintiff because defendant had raised material questions of fact concerning waiver by plaintiff of its objections to payment under the policy and as to defendant's entitlement to disability income protection pursuant to the terms of the policy.  Summary judgment should be granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  
McKinney v. American Standard Insurance Co. of Wisconsin
, 296 Ill. App. 3d 97, 99, 694 N.E.2d 200 (1998).  Although the use of summary judgment is encouraged to aid in the expeditious disposition of lawsuits, it is a drastic means of disposing of litigation and should be used only when the right of the moving party is clear and free from doubt.  
Bedoya v. Illinois Founders Insurance Co.
, 293 Ill. App. 3d 668, 674, 688 N.E.2d 757 (1997).  Where reasonable persons could draw divergent inferences from undisputed material facts or a dispute as to a material fact exists, summary judgment should be denied.  
Allstate Insurance Co. v. Smiley
, 276 Ill. App. 3d 971, 977, 659 N.E.2d 1345 (1995).  A grant of summary judgment is reviewed 
de
 
novo
.  
McKinney
, 296 Ill. App. 3d at 99.

Defendant asserts that plaintiff waived its right to challenge his entitlement to "any occupation" disability payments under the policy by paying him "own occupation" disability benefits under the policy in September 1990.  Allstate acknowledges that by paying defendant under the "own occupation" disability provision, it conceded that defendant was unable to perform the duties related to his job.  Allstate maintains, however, that such payment did not concede that defendant was unable to work at any occupation.  We agree.

The policy clearly differentiates between "own occupation" benefits and "any occupation" benefits and sets forth different standards for the payment of benefits under each provision.  Notes in the record made by Allstate representatives and an affidavit from defendant's prior attorney indicate that at the time the "own occupation" benefit was paid, a determination as to payment of "any occupation" benefits had not yet been made.  Approval of "any occupation" benefits was awaiting an independent medical examination that would determine if defendant was unable to work at any occupation.  Such an examination apparently never took place.  The record thus does not support defendant's waiver argument but instead establishes that at the time Allstate paid defendant "own occupation" benefits, it reserved the right to contest payment of "any occupation" benefits.  Payment of the "own occupation" benefits did not, under the circumstances present here, constitute a waiver of plaintiff's right to contest defendant's eligibility for "any occupation" benefits.

Defendant next contends that he had raised a material question of fact as to whether or not he was entitled to "any occupation" disability income benefits under the policy.  Defendant, in his attempt to return to his job with the CTA, worked approximately six weeks into the second year following his accident.  The trial court found that because defendant worked for a period of time he was not continuously prevented from engaging in any occupation and Allstate, as a matter of law, could deny defendant payment of "any occupation" total disability benefits.

Provisions in insurance policies that limit or exclude coverage are to be construed liberally in favor of the insured.  
State Farm Mutual Automobile Insurance Co. v. Villicana
, 181 Ill. 2d 436, 443, 692 N.E.2d 1196 (1998).  Under the policy, benefits will be paid if the disability, "during the second and subsequent years after commencement continuously prevents the insured person from engaging in any occupation or employment for wage or profit."

The term "continuously" means "in unbroken sequence; without intermission or cessation."  Black's Law Dictionary, p. 322.  However, the term has been given a more liberal definition in insurance cases.  In 
Jacobson v. Mutual Benefit Health & Accident Ass'n.
, 70 N.D. 566, 296 N.W. 545, 553 (1941), 
the Supreme Court of North Dakota examined the meaning of the term "continuously" in a policy that required the insured to be "wholly and continuously" disabled in order to receive benefits.  The court held that in such a policy, "the word 'continuously' means regularly, protracted, enduring and without any substantial interruption of sequence, as contradistinguished from irregularly, spasmodically, intermittently or occasionally."  
Jacobson
, 296 N.W. at 553.  
The court went on to note that continuously 
did not necessarily mean constantly and did not denote ceaseless and absolute continuity.  
Jacobson
, 296 N.W. at 553.  The only Illinois case cited by the parties, 
Grau v. Travelers Insurance Co. of Hartford, Conn.
, 303 Ill. App. 212, 24 N.E.2d 882 (1940), fails to provide much guidance.  The court in 
Grau
, 303 Ill. App. At 216, found that where an injured plaintiff had worked approximately 41 days out of 55 following an accident, it was obvious that he was not "wholly and continuously" disabled from the date of the accident as required by the insurance policy in question.  The court did not elaborate, therefore, on how the term continuous should be defined.  Although there are no Illinois cases directly on point, the definition of continuous found in 
Jacobson
 has been cited approvingly in a number of cases from other jurisdictions and in other authorities.  
See 10 Couch on Insurance 3d, § 147:156, at 169-70 (1998); 46 C.J.S. 
Insurance
 § 1095(c), at 487-88 (1993); 
Spears v. Commercial Insurance Co.
, 866 S.W.2d 544, 549 (Tenn. Ct. App. 1993), 
overruled on other grounds by
 
Harrell v. Minnesota Mutual Life Insurance Co.
, 937 S.W.2d 809 (Tenn. 1996); 
Ross v. Farmers Insurance Exchange
, 150 Ind. App. 428, 277 N.E.2d 29, 32-33 (1971); 
Allen v. Paul Revere Life Insurance Co.
, 57 Tenn. App. 650, 423 S.W.2d 504, 508 (1967); see also 
Johnson v. State Farm Mutual Automobile Insurance Co.
, 342 So.2d 664, 667 (La. 1977) (noting that whether or not total disability is continuous depends upon the facts and circumstances of each case).

Plaintiff acknowledges the above definition of "continuously" but maintains that, as a matter of law, defendant's seven consecutive months of work after the accident destroyed the continuity of defendant's disablement.  However, the provision being construed here concerns only the second and subsequent years following the accident.  The record indicates that defendant's last day of work at the CTA was May 22, 1987.  Thus, the seven-month stretch of work relied upon by plaintiff extended for only six weeks into the second year after the accident.  Further, that six-

week period is apparently the only time defendant worked in the 10-

years that have constituted the "second and subsequent years" following the accident up until the grant of summary judgment.

Thus, the question is whether the approximately six weeks defendant worked during the applicable period was sufficient to break the continuity of his disability.  The trial court found that because defendant had engaged "in an occupation or employment for a period of time there," he was not eligible for disability benefits under the policy.  It is not clear from the court's comments whether it correctly limited its analysis to the time defendant worked during the second and subsequent years.  Regardless, the court, in its finding, incorrectly applied a strict definition of the term continuous rather than interpreting the term liberally in favor of the insured.  Under the definition of "continuous" the parties acknowledge is applicable in disability cases, a question of fact exists as to whether the six weeks defendant worked in the period comprising the "second and subsequent years" following his accident was sufficient to break the continuity of his disability.  Construing the term "continuously" in favor of the insured, it appears that defendant may have been continuously prevented from engaging in any occupation or employment for wage or profit during the second and subsequent years following the accident where he worked only six weeks of the applicable period in a failed attempt to return to his previous job.  See 
Allen
, 423 S.W.2d at 508 (holding that although the fact that complainant returned to work was a factor to be considered in determining if he was "continuously totally disabled," it did not break the continuity of his disability where he was unable to physically perform the duties required, nor was he able to perform the duties of any gainful occupation for which was reasonably suited).  Thus, it cannot be said that summary judgment was properly entered here.

Plaintiff contends, in the alternative, that this court should affirm the trial court's grant of summary judgment on the basis that defendant's "any occupation" disability claim was foreclosed by an exclusion that provided that payment would not be made for injuries sustained in the course of operating a commercial automobile.  Plaintiff acknowledges that the trial court did not reach this issue in granting summary judgment even though it was raised in plaintiff's motion in support of summary judgment.  Plaintiff maintains, correctly, that we may affirm the judgment for any reason apparent from the record.  
Material Service Corp. v. Department of Revenue
, 98 Ill. 2d 382, 387, 457 N.E.2d 9 (1983).  The applicability of the commercial automobile exclusion is not, however, apparent from the record.  The policy does not contain a definition of the term "commercial automobile."  The exclusions in the cases relied upon by plaintiff do not discuss or define "commercial" automobiles but instead apply to automobiles used in a business or occupation.  Because an exclusion regarding "commercial" automobiles is arguably narrower than exclusions concerning automobiles used in a business or occupation, the cited cases provide little guidance in determining whether the exclusion in the instant cause applies.  Further, included in the record are notes of plaintiff's claim representative which include an entry stating "we are not talking about a commercial vehicle."  Although the notes do not preclude Allstate from now contending that the exclusion applies, they fail to support Allstate's contention that there is no question of fact as to whether the exclusion applies.  Finally, we note that plaintiff paid defendant the "own occupation" disability benefits despite the fact that the commercial automobile exclusion was equally applicable to that type of payment.  We thus decline plaintiff's invitation to affirm the grant of summary judgment on the basis of the policy's commercial automobile exclusion.

Accordingly, the trial court's grant of plaintiff's motion for summary judgment is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

CAHILL, P.J., and BURKE, J., concur.